PEOPLES SAVINGS ASSN., APPELLEE, *v.* SANFORD ET AL., APPELLANTS.

(Decided April 4, 1938.)

*Messrs. Fraser, Effler, Shumaker & Winn,* for appellee.

*Mr. Frank M. Sala,* for appellants.

LLOYD, J. Carrie L. Sanford died intestate on May

22, 1937, her only heirs at law being Robert A. Sanford, a son, and Robert S. Clapp, a grandson. On May 28, 1937, the son was appointed and qualified as administrator of her estate. On June 2, 1937, the Peoples Savings Association filed its petition in the Court of Common Pleas on a promissory note and the mortgage securing it. Summons was served on Clapp and his wife on June 3 and on Sanford and his wife on June 4, 1937. On June 9, 1937, the administrator was made a party to the action and duly served with process. On June 7, 1937, the administrator, alleging the necessity therefor, filed his petition in the Probate Court to sell the mortgaged real estate to pay the debts of decedent, making the other parties herein parties thereto. The administrator and the heirs at law of decedent filed answers in the action brought in the Court of Common Pleas, the substance of which is that the Probate Court, in the administration of the estate of Carrie L. Sanford, acquired thereby exclusive jurisdiction of the mortgaged real estate of the decedent. The Court of Common Pleas sustained demurrers to these answers, and no personal judgment having been asked for the amount due thereon, decreed a foreclosure of the mortgage and the sale of the mortgaged premises to satisfy the unpaid mortgage indebtedness. From this finding and decree, the administrator appeals to this court on questions of law.

The Probate Court and the Court of Common Pleas are courts of record created by the Constitution. The Constitution provides that the "Probate Court shall have jurisdiction in probate and testamentary matters * * * and such other jurisdiction * * * as may be provided by law," and that the jurisdiction of the Courts of Common Pleas "shall be fixed by law." Section 11215, General Code, provides that "the Court of Common Pleas shall have original jurisdiction in all

civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace.''

Section 10501-53, General Code, relates to and defines the jurisdiction of the Probate Court, paragraph 8 thereof authorizing the sale of land on the petition of executors, administrators and guardians. The last two paragraphs thereof provide that such jurisdiction shall be exclusive in that court unless otherwise provided by law and that it ''shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.'' Section 10510-2, General Code, provides that:

''As soon as an executor or administrator ascertains that the personal property in his hands is insufficient to pay all the debts of the deceased, together with the allowance to the widow and children for twelve months, and the costs of administering the estate, he shall commence a civil action in the Probate Court or the Court of Common Pleas for authority to sell the decedent's real estate.''

This latter statute recognizes the jurisdiction of the Common Pleas Court as fixed by Section 11215, General Code, as does also the next to the last paragraph of Section 10501-53, General Code, which provides that the jurisdiction of the Probate Court in such cases shall be exclusive ''unless otherwise provided by law.''

In other words, both courts have jurisdiction of an action to foreclose a mortgage on the real estate of a deceased mortgagor of whose estate an administrator or executor has been appointed and qualified; the Probate Court, when necessary to sell the real estate to pay debts, and the Court of Common Pleas, general jurisdiction for that purpose, and therefore, the court which first acquires jurisdiction thereof retains it to the exclusion of the other.

The answers of the administrator and the heirs at law allege that a sale of the real estate is necessary to pay the debts of the decedent and "that said administrator determined that the personal property of said decedent was totally and wholly insufficient to pay the debts of said estate and costs of administration" and that the administrator filed his petition in the Probate Court to sell the real estate in question for that purpose, but the date of the determination of the necessity of the sale is not otherwise alleged. The only interest that the administrator has in the real estate is in the proceeds, if any, of the sale thereof, remaining after the satisfaction of the mortgage debt and the court costs; and the fact, therefore, that the administrator did not become a party to the action pending in the Common Pleas Court until after the filing of his petition in the Probate Court would not affect the situation.

This court is of the opinion that under the pleaded facts in the instant case, the Court of Common Pleas having first acquired jurisdiction of the subject-matter thereof, has continuing and exclusive jurisdiction to adjudicate the issues involved therein. None of the parties are prejudiced thereby in any way and the rights of the administrator can be as carefully guarded there as in the Probate Court.

The judgment of the Court of Common Pleas is therefore affirmed.

*Judgment affirmed.*

CARPENTER and OVERMYER, JJ., concur.