The Home Building & Savings Co., Appellee, *v.* Sanford, Admr., Appellant.

(Decided June 6, 1938.)

*Mr. Edward H. Ray* and *Miss Elena Ray,* for appellee.

*Mr. Frank M. Sala,* for appellant.

LLOYD, J. On July 7, 1937, The Home Building & Savings Company filed its petition in the Court of Common Pleas against Robert A. Sanford as administrator of the estate of Carrie L. Sanford, her heirs at law, and others not in any way related to her. The purpose of the action, as narrated in the petition, was to recover a personal judgment against the several defendants, and to foreclose a mortgage on certain real estate owned by Carrie L. Sanford at the time of her death. The mortgage had been given to secure the payment to The Home Building & Savings Company of $3400, evidenced by a written obligation of two of the defendants who then owned the mortgaged real estate, the other defendants having become obligated therefor by subsequent successive transfers of the real estate whereby each assumed and agreed to pay the mortgage indebtedness.

Robert A. Sanford, as administrator, filed an answer to this petition alleging therein that he became the duly appointed and qualified administrator of the estate of Carrie L. Sanford on May 28, 1937, and that as such administrator he filed a petition in the Probate Court on June 7, 1937, "to sell the real estate of said decedent, to pay the debts of said estate and the costs of administration," and that on June 7, 1937, summons was issued thereon and served on The Home Building & Savings Company, a defendant in the action so brought; that the prayer of the petition was for the sale of the entire real estate of the decedent, including the real estate described in the petition of The Home Building & Savings Company filed in the Court of Common Pleas. The administrator alleged in his answer that he was proceeding with the adminis-

tration of the estate of Carrie L. Sanford and the sale of her real estate to pay debts, as and in the manner provided by law, and that the Probate Court had exclusive jurisdiction thereof.

The Court of Common Pleas sustained a demurrer to the answer of the administrator and, he not desiring to plead further, rendered personal judgments against all of the defendants except the administrator, and decreed a foreclosure of the mortgage to satisfy the amount due and unpaid thereon. From this judgment and decree the administrator appeals on questions of law.

The record herein discloses that the administrator commenced his action in the Probate Court to sell the real estate in question to pay the debts of the decedent's estate on June 7, 1937, one month prior to the filing in the Court of Common Pleas of the petition of The Home Building & Savings Company to foreclose its mortgage on such real estate. In accordance with the decision of this court in *Peoples Savings Assn.* v. *Sanford, ante,* 294, it is clear that the administrator having filed his petition in the Probate Court prior to the filing of The Home Building & Savings Company petition in the Court of Common Pleas, the Probate Court thereby acquired jurisdiction of the subject-matter thereof to the exclusion of the Court of Common Pleas and may proceed with the sale of the real estate of decedent to pay the debts of her estate. The real estate may sell for enough to pay, upon distribution, the costs of administration and the indebtedness of the appellee building company, in which event there will be no need of personal judgments. Insofar as the orders, judgments and decrees of the Court of Common Pleas relate to or in any way affect the real estate in question or the administrator thereof, the same are reversed, vacated and set aside,

and final judgment rendered for appellant adminis-trator.

*Judgment accordingly.*

CARPENTER and OVERMYER, JJ., concur.