(No. 11554—Decided July 26, 1971.)

*Messrs. Brooks, Kelly & Barron,* for appellant.
*Mr. Morris J. Leher,* for appellees.

YOUNG, J This is an appeal on questions of law from the order of the Court of Common Pleas of Hamilton County dismissing the complaint filed by the plaintiff-appellant in that court.

The plaintiff-appellant will hereafter be referred to as the appellant, and the defendants-appellees will be hereafter referred to as the appellees.

The appellant filed a complaint in the Common Pleas Court of Hamilton County on July 27, 1970, against Emmett M. Smith, Sr., and Etta Mae Smith on a promissory note on which the payments were alleged to be delinquent and sought to foreclose the mortgage deed executed by the Smiths as security for the note.

When the appellant was notified by the Clerk of Courts that the service of process attempted by certified mail was

incomplete, appellant obtained authority from the Court of Common Pleas to permit service by publication on the Smiths and their unknown heirs, devisees, legatees, administrators, executors and assigns, and as new parties defendants in that action such persons and also the unknown guardians of minor and/or incompetent heirs of the Smiths.

On October 9, 1970, appellant sought authority to make Mildred L. Smith, administratrix of the estates of both Emmett M. Smith, Sr., deceased, and Etta Mae Smith, deceased, a new party to the action, and this was granted on October 16, 1970.

Thereafter, on October 19, 1970, the said Mildred L. Smith, as administratrix of the estate of Emmett M. Smith, Sr., and Etta Mae Smith, deceased, moved that the action be dismissed, on the ground that the Probate Court had jurisdiction of these estates, and that the appellant knew that the Smiths were deceased as of June 1970.

On January 18, 1971, the Common Pleas Court found the appellees' motion well taken and dismissed the action at appellant's cost and it is from that order that this appeal is taken.

The appellant's first assignment of error is that the jurisdiction of the Common Pleas Court to entertain actions for foreclosure is concurrent and coextensive with the Probate Court, and that the court whose power is first invoked acquires the right to adjudicate the matter.

R. C. 2101.24 (H) recites the jurisdiction of the Probate Court as the right "to authorize the sale of lands, equitable estates, or interests therein, and the assignments of inchoate dower in such cases of sale by petition by executors, administrators and guardians."

This jurisdiction has been determined to be concurrent and coextensive with that of the Court of Common Pleas, and in *Peoples Savings Assn.* v. *Sanford* (1938), 59 Ohio App. 294, the first paragraph of the syllabus reads, as follows:

"The Probate Court and the Court of Common Pleas have concurrent jurisdiction of an action to foreclose a

mortgage on the real estate of a deceased mortgagor of whose estate an administrator or executor has been appointed and qualified, when it is necessary to sell the real estate to pay decedent's debts, and the court which first acquires jurisdiction thereof retains it to the exclusion of the other."

This same rule was stated and followed in *Home Owners' Loan Corp.* v. *Roth* (1937), 24 Ohio Law Abs. 693.

The record does not indicate that the appellees have attempted to invoke the jurisdiction of the Probate Court, and therefore there is no question of determining the priority of filing, as was necessary in many of the cited cases.

While it was not a part of the appellees' motion to dismiss the action in the Common Pleas Court, it was argued in this court that the Common Pleas Court was required to dismiss the original complaint in that court for the reason that the appellant failed to state its true address, in violation of Rule 10(A) of the Rules of Civil Practice.

There is nothing in the record before this court to indicate that the address appearing on the complaint is not the address of that party, but even if such were demonstrated, this could easily have been corrected by obtaining leave to interlineate the correct address.

We find that the Court of Common Pleas of Hamilton County acquired jurisdiction in the action upon the note and for the foreclosure of the mortgage securing the same to the exclusion of the Probate Division of that court. The order of the Common Pleas Court dismissing the complaint is, therefore, reversed.

This cause is remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment reversed.*

HESS, P. J., and SHANNON, J., concur.