OPINION
{¶ 1} Appellant Michael P. Atzinger appeals the April 8, 2004, Judgment Entry entered by the Stark County Court of Common Pleas, wherein the trial court dismissed the action, without prejudice, finding that said action was based on a sale proceeding that was void ab initio.
 {¶ 2} No Appellee's brief was filed in this matter.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Daniel E. Phillipi, Sr. died testate on September 21, 2001. His estate is filed with Stark County Probate Court, Case No. 181426.
 {¶ 4} Appellee Jerald E. Phillipi, Sr., the brother of the decedent, is the named executor of the Estate and the sole heir.
 {¶ 5} On November 17, 2001, Appellee-executor sold the decedent's property, known as 3516 Howenstine Drive, S.E., East Sparta, Ohio, at an "absolute auction". The Bidder's Information Packet was distributed by Dutton Auction Realty Co.
 {¶ 6} The successful bidder at said auction was Appellant Michael P. Atzinger, with the highest bid of $64,260.00. Appellant Atzinger executed a purchase agreement for said amount. The Auction Purchase Contract provided that seller would provide good, marketable title, free of liens, no later than January 1, 2002.
 {¶ 7} On November 29, 2001, the Appellee, as executor of the Estate, filed a "Complaint to Sell Real Estate" on behalf of the Estate.
 {¶ 8} To date, no deed has been delivered, with the only document filed with the Probate Court being the aforementioned "Complaint to Sell Real Estate".
 {¶ 9} On December 27, 2001, Third Federal Savings and Loan Association of Cleveland filed its answer to the Complaint, averring that it is owed $93,283.21, with interest, on a promissory mortgage note signed by decedent, secured by said property.
 {¶ 10} On May 13, 2002, July 24, 2004, and October 28, 2002, Appellee-Executor filed amended complaints to sell said real estate in Case No. 182014. In each of these complaints, Appellant Atzinger and Third Federal are named as defendants.
 {¶ 11} On July 3, 2002, Appellee Atzinger filed a Third Party Complaint against Dutton Auction and Realty Company and also filed a counterclaim against Plaintiff-Appellee.
 {¶ 12} On March 12, 2003, Appellant Atzinger moved the trial court for Judgment on the Pleadings, pursuant to Civ. R. 12(C). No party responded to said Motion.
 {¶ 13} On May 12, 2003, Appellant filed a Request for hearing.
 {¶ 14} On May 13, 2003, the trial court filed a Notice of Hearing, scheduling the Motion for Judgment hearing for June 19, 2003, at 9:30 a.m.
 {¶ 15} On June 17, 2003, an emergency motion for continuance of the hearing was filed by Third Federal Savings, which was granted by the trial court. Said hearing being rescheduled to July 22, 2003, at 10:30 a.m.
 {¶ 16} The hearing went forward on July 22, 2003, wherein the trial court gave each party an opportunity to make oral arguments. The trial court "continued any decision on the pending motion, and proceeded to facilitate settlement efforts in an attempt to resolve all issues."
 {¶ 17} On July 23, 2003, the trial court filed a Pre-Trial Order memorializing the events that transpired at the July 22, 2003, hearing. At said hearing, it was represented to the Court that the Estate was probably insolvent, with a conservative estimate of the Estate's debts being $45,000.00, excluding any deficiency for the Third Federal Savings' lien. It was further represented that the Estate had approximately $39,000.00 from the sale of personal property that could be applied to Estate debts.
 {¶ 18} Said Pre-Trial Order provided, inter alia, (1) that Third Federal Savings' attorney provide the court, before August 15, 2003, with written confirmation of the present fair market value of the subject property; and (2) the attorneys for the Estate and Appellant Atzinger provide the court with written confirmation of their respective client's settlement offers.
 {¶ 19} On September 23, 2003, Appellant Atzinger filed a Motion for Settlement Conference.
 {¶ 20} The settlement conference was scheduled for November 6, 2003, and rescheduled to January 5, 2004.
 {¶ 21} Pursuant to the correspondence sent to the parties by Judge Clunk on February 4, 2004, at the settlement conference/pre-trial on January 5, 2003, the parties orally agreed to certain amounts they would contribute or accept to settle the litigation. Based on these oral commitments, Judge Clunk prepared and sent an Agreed Judgment Entry to the parties.
 {¶ 22} The parties failed to sign and return the proposed Agreed Judgment Entry.
 {¶ 23} On April 8, 2004, the trial court found, sua sponte, on "consideration of the pleadings" that the sale proceedings were void ab initio and dismissed "the within action" at Plaintiff's costs.
 {¶ 24} It is from this decision that Appellant Atzinger now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 25} AI. The probate court erred as a matter of law in finding the sale of the howenstine property void ab initio.
 {¶ 26} "II. The probate court erred in suasponte [sic] dismissing the cause before the court without giving notice of its intent to do so and providing an opportunity to respond.
 {¶ 27} "III. The probate court erred as a matter of law in dismissing appellant's counterclaim and third party complaint."
 I. {¶ 28} In appellant's first assignment of error, he maintains the trial court erred in finding the subject sale void ab initio. We agree.
 {¶ 29} The trial court, in a Judgment Entry filed April 8, 2004, dismissed the Complaint to Sell Real Estate finding that the sale was void ab initio. Unfortunately, the trial court did not explain this finding.
 {¶ 30} Upon review of the file, we find that in a July 31, 2002, pre-trial summary, the trial court found that the land sale proceedings were commenced after the auction sales agreement was signed and also found that the sales price was much less than two thirds of the appraised value of the property. The trial court also noted that the mortgagee, Third Federal Savings and Loan Assoc. had not been notified prior to the sale. The court then, apparently based on the foregoing, finds that the sale proceedings were void ab initio.
 {¶ 31} There are three ways by which an executor may sell real estate contained in an estate. Under R.C. 2113.39, an executor may sell such real property if he is authorized to do so under a valid power of sale contained in the will. If the will does not contain a valid power of sale provision, the executor must follow one of the two procedures contained in R.C. 2127.01 to R.C. 2127.43, which require either court action and approval or the written consent of all the heirs.
 {¶ 32} Upon review, we find that The Last Will and Testament of Daniel E. Phillipi, SR., does contain a power of sale clause, which provides in pertinent part:
 {¶ 33} "ITEM IV.
 {¶ 34} "I hereby make, nominate and appoint my brother, JERALD E. PHILLIPI, SR., to be the executor of this my LAST WILL AND TESTAMENT, hereby authorizing my said executor to compound, compromise, settle and adjust all claims and demands in favor of or against my estate, and to sell, at private or public sale, at such prices and upon such terms of credit or otherwise, as he may deem best, the whole or any part of my real or personal property, and to execute, acknowledge and deliver deeds and other proper instruments of conveyance thereof to the purchaser or purchasers. I request that no bond be required of my said executor.
 {¶ 35} "I further authorize my executor to employ a real estate broker and/or auctioneer, if he should deem it necessary to so do, to sell my real estate and personal property, and I further authorize my said executor to pay a reasonable commission for said services."
 {¶ 36} R.C. § 2113.39, which provides:
 {¶ 37} "If a qualified executor, administrator, or testamentary trustee is authorized by will or devise to sell any class of personal property whatsoever or real estate, no order shall be required from the probate court to enable him to act in pursuance of the power vested in him. A power to sell authorizes a sale for any purpose deemed by such executor, administrator, or testamentary trustee to be for the best interest of the estate, unless the power is expressly limited by such will."
 {¶ 38} We therefore find that the executor was authorized to sell the real estate which is the subject of the Complaint in this matter, without an order from the probate court.
 {¶ 39} Having authority by virtue of the power of sale contained in the will, the executor was not subject to the provisions contained in R.C. 2127.01 to R.C. 2127.43, which include, inter alia, a requirement that a sale price must equal at least 80% of the appraised value the real estate.
 {¶ 40} We therefore find that the trial court erred in finding that the sale of the real estate was void ab initio. While the contract of sale was valid as between Appellant and the Executor, this did not relieve the property from the existence of a valid mortgage to Third Federal Savings and Loan Association and such may have prevented the Executor from being able to comply with the contractual requirement to provide a deed with clear and marketable title.
 {¶ 41} We do not find, however, that the trial court erred in dismissing the instant action as such was commenced on and involved only the Complaint to Sell Real Estate, which, based on the foregoing, we find to have been an unnecessary filing as the executor had such power under the will. The requesting of an order from the probate court was, in fact, a nullity.
 {¶ 42} Accordingly, appellant's first assignment of error is sustained.
 II. {¶ 43} In appellant's second assignment of error, he maintains the trial court erred in sua sponte dismissing the cause of action without notice. We disagree.
 {¶ 44} Pursuant to Civ. R. 12(b)(6), a trial court may dismiss an action on its own motion. Appellant argues that the dismissal in this action was done without any prior notice given to the parties. However, upon review, we find that Judge Clunk, in his Pre-Trial Summary, filed July 31, 2002, following the July 30, 2002, hearing, stated:
 {¶ 45} "The Court further stated that in the even that his [SIC] matter is not resolved as indicated it probably would be necessary to dismiss the complaint and allow the mortgagee to foreclose. The Court further stated that it believed that any claim that Mr. Atzinger has against Dutton Realty or the estate would need to be initiated in the General Division."
 {¶ 46} We therefore find that the parties in this matter were notified orally at the July 30, 2002, and again in writing via the July 31, 2002, Pre-Trial Summary, of the trial court's intention to dismiss this action if such could not be settled as contemplated by the court and the parties.
 {¶ 47} Appellant's second assignment of error is overruled.
 III. {¶ 48} In appellant's third and final assignment of error, he maintains the trial court erred in dismissing his counterclaim and third party complaint. We disagree.
 {¶ 49} Appellant's filed a counterclaim against the estate and a third party complaint against Dutton Auction and Realty Company sounding in negligence and breach of contract. As such, and having previously found that the dismissal of this action as being a moot filing, we find that the proper venue for these actions is the general division of the common pleas court rather than the probate division.
 {¶ 50} Appellant's third assignment of error is overruled.
 {¶ 51} The decision of the Stark County Court of Common Pleas is affirmed in part and reversed in part.
Boggins, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Probate Division, is affirmed in part and reversed in part. Costs assessed to appellant.