U.S. BANK, N.A.,

v.

WEBB, Admr., et al.

2006-Ohio-5462.]

Court of Common Pleas of Ohio,
Lucas County.

No. C106–2470.

Decided July 14, 2006.

Lerner, Sampson & Rothfuss, L.P.A., and Maureen S. Hinson, for plaintiff.

Hetzer & Webb, and Linda Hurst Webb, for defendant administrator.

Julia R. Bates, Lucas County Prosecuting Attorney, and Robert B. Williams, Assistant Prosecuting Attorney, for defendant Lucas County Treasurer.

———————

LINDA J. JENNINGS, Judge.

{¶ 1} This matter is before the court on defendant Linde Hurst Webb's motion to dismiss plaintiff U.S. Bank, N.A.'s foreclosure action for lack of jurisdiction. Upon review of the pleadings, the supporting and opposing memoranda, and the applicable law, the court grants Webb's motion in part and denies it in part.

## *The Parties' Arguments*

{¶ 2} Webb, as successor administrator of the estate of James E. Naumann, moves to dismiss U.S. Bank's foreclosure action against the estate and the real property known as 3252 Meadowbrook Court, Toledo, Ohio. Webb argues that the Lucas County Probate Court has exclusive jurisdiction over the property because it was the first court to assert control (jurisdiction) over it. Specifically, Webb posits that the probate court exercised jurisdiction over the property, before U.S. Bank filed its foreclosure action, through her actions of filing a consent to the power to sell the real estate (the "Consent") signed by Naumann's only heir on December 29, 2004, signing a listing agreement to sell the property to a bona fide purchaser on January 10, 2006, serving an eviction notice on the property's occupant on February 15, 2006, ordering title work on March 7, 2006, and informing U.S. Bank of her actions and of the probate court's jurisdiction over the property on March 9, 2006.

{¶ 3} Webb also moves for an order assessing costs and reasonable attorney fees against U.S. Bank and prohibiting U.S. Bank from adding any foreclosure costs to the amount due to pay off the mortgage at closing, pursuant to Civ.R. 73(B).

{¶ 4} U.S. Bank concedes that the first court to acquire jurisdiction over the property has exclusive jurisdiction but opposes dismissal of its foreclosure action. U.S. Bank contends that Webb's filing of the Consent did not vest the probate court with exclusive jurisdiction over the property pursuant to R.C. 2101.24(A)(1)(i) or (j), or pursuant to Ohio case law, which holds that probate courts and general divisions of common pleas courts have concurrent jurisdiction over actions to foreclose mortgages on the real property of deceased mortgagors when it is necessary to sell the property to pay the decedents' debts and that the

court that first acquires jurisdiction over the property has exclusive jurisdiction,[1] *because* the Consent was not a land-sale "petition" under R.C. 2101.24(A)(1)(i) and (j) and the mere filing of the Consent did not constitute a land-sale proceeding as required under the case law cited by Webb.

{¶ 5} In reply, Webb argues that R.C. 2127.011, which became effective in 1976, gives fiduciaries an alternative to selling real property that does not require filing a land-sale complaint or petition and that the probate court has the power to assert authority over real property without the filing of a land-sale petition. In addition, Webb asserts that while the Consent, in and of itself, may not be sufficient to vest the probate court with exclusive jurisdiction over the property, the actions that she took pursuant to the Consent are sufficient.

### *Law and Analysis*

{¶ 6} R.C. 2127.011 (Conditions for disposal of real estate) provides:

(A) In addition to the other methods provided by law or in the will and unless expressly prohibited by the will, an executor or administrator may sell at public or private sale, grant options to sell, exchange, re-exchange, or otherwise dispose of any parcel of real estate belonging to the estate at any time at prices and upon terms as are consistent with this section and may execute and deliver deeds and other instruments of conveyance if all the following conditions are met:

(1) The surviving spouse, all of the legatees and devisees in the case of testacy, and all the heirs in the case of intestacy, give written consent to a power of sale for a particular parcel of real estate or to a power of sale for all the real estate belonging to the estate. Each consent to a power of sale provided for in this section shall be filed in the probate court.

(2) Any sale under a power of sale authorized pursuant to this section shall be made at a price of at least eighty per cent of the appraised value, as set forth in an approved inventory.

■ {¶ 7} The court opines that R.C. 2127.011, by its express language, authorizes Webb, who filed the Consent signed by Naumann's sole heir in the probate court, to sell the Meadowbrook property at a price of at least 80 percent of the appraised value of $73,000. The court's research did not uncover any cases directly on point. However, since Webb has already taken several actions pursuant to the Consent, U.S. Bank's argument that the probate court has not

---

**1.** See, e.g., *Peoples Sav. Assn. v. Sanford* (1938), 59 Ohio App. 294, 296, 13 O.O. 86, 18 N.E.2d 126; *Home Bldg. & Sav. Co. v. Sanford* (1938), 59 Ohio App. 302, 304, 13 O.O. 90, 18 N.E.2d 127; *Govt. Natl. Mtge. Assn. v. Smith* (1971), 28 Ohio App.2d 300, 301–302, 57 O.O.2d 453, 277 N.E.2d 233.

yet asserted jurisdiction over the property defies logic. Accordingly, the court finds that the probate court was the first court to assert jurisdiction over the property and therefore has jurisdiction to the exclusion of this court,[2] mandating dismissal of U.S. Bank's foreclosure action.

■■ {¶ 8} The court further finds that Webb and the estate are not entitled to relief under Civ.R. 73(B) (venue), which provides:

> Civ. R. 3(B) shall not apply to proceedings in the probate division of the court of common pleas, which shall be venued as provided by law. Proceedings under Chapters 2101. through 2131. of the Revised Code, which may be venued in the general division or the probate division of the court of common pleas, shall be venued in the probate division of the appropriate court of common pleas.

> Proceedings that are improperly venued shall be transferred to a proper venue provided by law and division (B) of this rule, and the court may assess costs, including reasonable attorney fees, to the time of transfer against the party who commenced the action in an improper venue.

Webb does not cite any Ohio cases authorizing the court to award her attorney fees under the particular facts of this case, and the court's research did not uncover any such cases. There is no request to transfer the foreclosure action to the Lucas County Probate Court, and transfer does not appear necessary since Webb is already in the process of selling the Meadowbrook property in order to pay debts of the estate. Further, U.S. Bank's action to foreclose the mortgage on the property does not appear to be one of the "[p]roceedings under Chapters 2101. through 2131. of the Revised Code" contemplated by Civ.R. 73(B). Accordingly, Civ.R. 73(B) is inapplicable.

Complaint dismissed.

■■■

---

2. Id.