[Cite as *Fifth Third Bank, Natl. Assn. v. Leveck*, 2022-Ohio-546.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| FIFTH THIRD BANK, NATIONAL ASSOCIATION | : | |
| | : | |
| | : | Appellate Case No. 2021-CA-29 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2021-CV-188 |
| v. | : | |
| | : | (Civil Appeal from |
| HOLLY LEVECK, et al. | : | Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 25th day of February, 2022.

. . . . . . . . . . .

DANIEL A. FRIEDLANDER, Atty. Reg. No. 0011909, 965 Keynote Circle, Cleveland, Ohio 44131
    Attorney for Plaintiff-Appellant

JAMES ROGER O'DONNELL, Atty. Reg. No. 0006431, P.O. Box 98, Covington, Ohio 45318
    Attorney for Defendants-Appellees

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-appellant, Fifth Third Bank, National Association ("Fifth Third") appeals from a judgment of the Miami County Court of Common Pleas dismissing its foreclosure action for want of subject-matter jurisdiction. For the reasons outlined below, the judgment of the common pleas court will be reversed, and the matter will be remanded to the common pleas court for proceedings consistent with this opinion.

## Facts and Course of Proceedings

{¶ 2} On July 22, 2005, Lawrence E. Blessing executed a mortgage with Fifth Third on real property located at 211 West North Street, Pleasant Hill, Miami County, Ohio. Blessing, who had full title to the aforementioned real property, died on August 3, 2019. As a result of Blessing's death, the Fifth Third mortgage went into default.

{¶ 3} On August 20, 2019, the Estate of Lawrence E. Blessing ("the Estate") was opened in the Miami County Probate Court. On September 25, 2019, the Estate filed an inventory of Blessing's assets that did not include an appraisal of Blessing's real property. After the probate court approved an appraiser, on August 3, 2020, the Estate filed an amended inventory with an appraisal of the real property.[1] After the amended inventory was filed, the Estate filed a Representation of Insolvency and a Schedule of Claims. The Schedule of Claims listed Fifth Third as a claimant with regard to the amount the Estate owed on the mortgage debt.

{¶ 4} On October 27, 2020, Fifth Third was notified by certified mail of the Estate's

---

[1] Although the amended inventory was not made a part of the record on appeal, it appears from other documents in the record that the real property was appraised at $24,000. *See* Motion to Dismiss, Exhibit A, p. 1.

Representation of Insolvency and Schedule of Claims and of a hearing scheduled for that matter. The hearing was held in the probate court on December 14, 2020. Fifth Third did not appear at the hearing. Following the hearing, the probate court issued a judgment entry of insolvency. The Estate did not thereafter file any complaint or consent to sell the real property with the probate court.

{¶ 5} After the completion of the insolvency proceedings, counsel for the Estate sent letters to Fifth Third asking to settle Fifth Third's claim for less than the balance owed so that the real property could be sold. Fifth Third sent response letters on January 12 and 27 and February 11, 2021, acknowledging the Estate's request and indicating that Fifth Third was researching the matter.

{¶ 6} On February 26, 2021, Fifth Third sent a letter to the Estate's counsel telling counsel that: "Once you have an offer to purchase the property, please submit the offer for us to review. We will evaluate the settlement offer and provide our acceptance or denial at that time." Motion to Dismiss, Exhibit B, p. 4. Four months after that correspondence, on June 28, 2021, Fifth Third filed a complaint in the Miami County Court of Common Pleas to foreclose on the real property.

{¶ 7} On August 16, 2021, counsel for the Estate filed a motion to dismiss Fifth Third's foreclosure action or, alternatively, to transfer the action to the probate court on grounds that the common pleas court lacked jurisdiction over the matter. The common pleas court granted the Estate's motion to dismiss on September 13, 2021. In its decision, the common pleas court explained that probate and common pleas courts have concurrent jurisdiction over foreclosure matters, but that the common pleas courts' jurisdiction in this case was "trump[ed]" by that of the probate court because the probate

court acquired jurisdiction over the matter first.

{¶ 8} Fifth Third now appeals from the dismissal of its foreclosure action, raising a single assignment of error for review.

## Assignment of Error

{¶ 9} Fifth Third claims that the common pleas court's dismissal of its foreclosure action for want of jurisdiction was in error, because the common pleas court incorrectly found that the probate court was first to acquire jurisdiction over the matter. According to Fifth Third, the Estate never took any action to invoke the probate court's jurisdiction over the sale of the real property at issue. Therefore, Fifth Third maintains that the foreclosure action that it filed in the common pleas court vested the common pleas court with jurisdiction over the matter to the exclusion of the probate court. We agree.

{¶ 10} This court applies a de novo standard of review to a trial court's decision on a motion to dismiss for lack of subject-matter jurisdiction. *Zimmerman v. Montgomery Cty. Pub. Health Dept.*, 2d Dist. Montgomery No. 26816, 2016-Ohio-1423, ¶ 13. "De novo review requires an 'independent review of the trial court's decision, without any deference to the trial court's determination.' " *Jackson v. Internatl. Fiber*, 169 Ohio App.3d 395, 2006-Ohio-5799, 863 N.E.2d 189, ¶ 17 (2d Dist.), quoting *State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, ¶ 27 (3d Dist.).

{¶ 11} Pursuant to R.C. 2101.24(B)(1)(c)(i): "The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to * * * hear and determine * * * any action with respect to a probate estate * * * that involves * * * real property." Therefore, "Ohio courts have long

acknowledged that in Ohio, probate courts and the general division of courts of common pleas have concurrent jurisdiction relating to ' "an action to foreclose a mortgage on the real estate of a deceased mortgagor of whose estate an administrator or executor has been appointed and qualified, when it is necessary to sell the real estate to pay decedent's debts, *and the court which first acquires jurisdiction thereof retains it to the exclusion of the other.*" ' " (Emphasis added.) *In re Honaker*, 6th Dist. Lucas No. L-00-1186, 2001 WL 27541, *2 (Jan. 12, 2001), quoting *Govt. Natl. Mtge. Assn. v. Smith*, 28 Ohio App.2d 300, 301-302, 277 N.E.2d 233 (1st Dist.1971), quoting *Peoples Sav. Assn. v. Sanford*, 59 Ohio App. 294, 18 N.E.2d 126 (6th Dist.1938).

{¶ 12} In this case, the parties do not dispute that the probate court and the common pleas court had concurrent jurisdiction over the sale of the real property at issue. However, the parties do dispute which court was first to acquire said jurisdiction. This is the sole issue on appeal.

{¶ 13} Ohio case law indicates that opening an estate in the probate court does not by itself invoke the probate court's jurisdiction over the sale of real property. For instance, in *Home Owners' Loan Corp. v. Roth*, 9th Dist. Lorain No. 821, 1937 WL 2316 (May 17, 1937), the Ninth District Court of Appeals explained that:

> By the mere probating of a will and the appointment of an executor, jurisdiction of the Probate Court over the sale of the real estate of the decedent is not acquired. Such [j]urisdiction is not acquired until the executor has filed a petition in that court to sell real estate to pay debts, and the interested parties have entered their appearance therein, or process has been issued upon said petition which is later served according to law.

*Id.* at *1. *See also Peoples Sav. Assn.*, 59 Ohio App. 294, 18 N.E.2d 126 (finding that the common pleas court was first to acquire jurisdiction over the sale of a decedent's real property where a mortgagee of the real property filed a foreclosure action in the court of common pleas after the decedent's estate was opened in the probate court, but before the administrator of the estate filed a petition in the probate court to sell the real property to pay the debts of the estate).

{¶ 14} The foregoing principle is also exhibited in *Honaker*, 6th Dist. Lucas No. L-00-1186, 2001 WL 27541. In *Honake*r, the executrix filed an application to probate the will of her deceased mother and took all the necessary steps to complete an appraisal of the assets of her mother's estate and to file a schedule of claims. *Id.* at *1. The assets in the estate included certain real property where the decedent's surviving spouse continued to live after the decedent's death. *Id.* The surviving spouse, however, did not pay the mortgage on the real property, so the mortgage company filed a foreclosure action in the Clark County Court of Common Pleas. The mortgage company named the estate in the foreclosure action, thus indicating the foreclosure action had been filed *after* the estate was opened in the probate court. *Id.* at *2.

{¶ 15} After the foreclosure action was filed, the surviving spouse filed an "Application for Real Estate" with the probate court in which the surviving spouse asked the probate court to distribute the real property to him. *Id.* at *1. The probate court dismissed the application on grounds that it lacked jurisdiction over the matter. *Id.* at *2. The surviving spouse appealed and the Sixth District Court of Appeals affirmed the judgment of the probate court, holding that "the probate court could not assume jurisdiction over the real estate in question when the foreclosure action was already

pending in the Clark County Court of Common Pleas." *Id.* at *3.

{¶ 16} Based on *Honaker*, *Home Owners' Loan Corp.*, and *Peoples Sav. Assn.*, we agree that merely opening an estate in the probate court does not by itself invoke a probate court's jurisdiction over the sale of real property in a decedent's estate. According to *Home Owners' Loan Corp.*: "Such [j]urisdiction is not acquired until the executor has filed a petition in that court to sell real estate to pay debts, and the interested parties have entered their appearance therein, or process has been issued upon said petition which is later served according to law*." Home Owners' Loan Corp.*, 9th Dist. Lorain No. 821, 1937 WL 2316, at *1. Although not directly on point, *Wead v. Lutz*, 161 Ohio App.3d 580, 2005-Ohio-2921, 831 N.E.2d 482, ¶ 33 (12th Dist.), also suggests that filing a complaint to sell real property in the probate court invokes the probate court's jurisdiction over the property, and that said jurisdiction takes precedence over the concurrent jurisdiction of a common pleas court when a subsequent foreclosure action is filed therein. In the case at bar, there is no dispute that the executor of the Estate did not file a complaint or petition in the probate court to sell the real property at issue.

{¶ 17} There is, however, case law indicating that the probate court's jurisdiction over the sale of real property can be invoked even when there is no complaint or petition to sell the real property filed with the probate court. In *U.S. Bank, N.A. v. Webb*, 139 Ohio Misc.2d 54, 2006-Ohio-5462, 860 N.E.2d 161 (C.P.), the Lucas County Court of Common Pleas determined that a probate court's jurisdiction was invoked where the administrator of the estate filed a "consent to the power to sell the real estate" ("consent to sell") with the probate court and then took various actions in accordance with the consent to sell. *Id.* at ¶ 2 and ¶ 7. These actions included signing a listing agreement

to sell the property to a bona fide purchaser, serving an eviction notice on the property's occupant, ordering title work on the property, and notifying the mortgagee of the foregoing actions and of the probate court's jurisdiction over the property.   *Id.*

{¶ 18} Based on all the administrator's actions, the court in *Webb* determined that the probate court had asserted jurisdiction over the real property and that said jurisdiction was asserted before the mortgagee filed its foreclosure action in the common pleas court. *Id.* at ¶ 7.   Because the probate court was first to assert jurisdiction, the court in *Webb* ordered the dismissal of the mortgagee's foreclosure action.   *Id.* at ¶ 7.

{¶ 19} This court is not bound to follow the holding in *Webb*.   However, even if we were required to follow *Webb*, we find that *Webb* is distinguishable from the instant case. Unlike *Webb*, the executor in this case did not file a consent to sell with the probate court. Chapter 2127 of the Ohio Revised Code governs land sales by executors and administrators and R.C. 2127.04 provides that before commencing an action in the probate court for authority to sell a decedent's real property, an executor or administrator must have "the consent of all persons entitled to share in an estate upon distribution[.]" R.C. 2127.04(A).   Probate Form 11.0, titled "Consent to Power to Sell Real Estate," is the standard form used for that purpose, and no such form was filed in this case.

{¶ 20} The Estate argues that the absence of a consent to sell is irrelevant in this case because, pursuant to R.C. 2121.01 and R.C. 2113.39, the Estate's executor did not need the consent required under R.C. 2127.04 given that the decedent's will provided the executor with the power to sell the real property.

{¶ 21} R.C. 2121.01 provides that:

> All proceedings for the sale of lands by executors, administrators,

and guardians shall be in accordance with section 2127.01 to 2127.43, inclusive, of the Revised Code, *except where the executor has testamentary power of sale, and in that case the executor may proceed under such sections or under the will.*

(Emphasis added.)

{¶ 22} R.C. 2113.39 provides that:

If a qualified executor, administrator, or testamentary trustee is authorized by will or devise to sell any class of personal property or real property, *no order shall be required from the probate court for the executor, administrator, or testamentary trustee to proceed with the sale.* A power to sell authorizes a sale for any purpose considered by the executor, administrator, or testamentary trustee to be for the best interest of the estate, unless the power is expressly limited by the will or devise.

(Emphasis added.)

{¶ 23} "Under R.C. 2113.39, an executor may sell * * * real property [contained in an estate] if he [or she] is authorized to do so under a valid power of sale contained in the will. *If the will does not contain a valid power of sale provision, the executor must follow one of the two procedures contained in R.C. 2127.01 to R.C. 2127.43, which require either court action and approval or the written consent of all the heirs.*" (Emphasis added.) *In re Phillipi*, 5th Dist. Stark No. 2004-CA-00144, 2005-Ohio-368, ¶ 31.

{¶ 24} In this case, there is nothing in the record before this court establishing that the decedent's will contained a power of sale provision authorizing the executor to sell the real property at issue. In other words, there is nothing in the record supporting the

Estate's claim that neither a consent to sell nor court action and approval was required for the executor to proceed with a sale of the real property. In an attempt to prove otherwise, the Estate directs this court's attention to the probate court's docket. The probate court's docket, however, does not provide any specific information about whether the decedent's will contained a valid power of sale.

{¶ 25} In addition to there being no consent to sell, *Webb* is also distinguishable from the instant case because there is no evidence establishing that the Estate's executor took similar steps to sell the mortgaged real property as the administrator did in *Webb*. Unlike *Webb,* there is no evidence of a signed listing agreement to sell the property to a bona fide purchaser. There is also no evidence of any eviction notices or any title work performed on the property.

{¶ 26} In this case, the record indicates that the executor assessed the assets and liabilities of the Estate by obtaining an appraisal of the Estate's real property and filed a Report of Insolvency and Schedule of Claims, which resulted in the probate court's issuing a judgment of insolvency. The record also indicates that counsel for the Estate corresponded with Fifth Third in an attempt to settle Fifth Third's claim for less than the balance owed.

{¶ 27} The Estate argues that the judgment of insolvency in the probate court, which was entered before Fifth Third filed its foreclosure action, invoked the probate court's jurisdiction over the sale of the decedent's real property. "[I]nsolvency is when the total of all the expenses of administering the estate plus the debts of the decedent exceed the assets of the probate estate." John D. Clark et. al., *Insolvent Estates: Priority of Debts & Payment of Claims*, 14 Ohio Prob. L.J. 52 (2004). "[A] Judgment Entry

Declaring the Estate to be Insolvent * * * orders the priority for payment of claims and the discharge of the other debts of the decedent[.]" *Id.* The authority of the probate court "is limited to giving instructions to the executor or administrator in the distribution of the proceeds of the estate in view of the insolvency." 34 Ohio Jurisprudence 3d, Decedents' Estates, Section 1446 (2021).

{¶ 28} The judgment entry of insolvency in this case was not made a part of the record on appeal. The probate court docket, however, indicates that the judgment was issued using Probate Form 24.6. Probate Form 24.6 is the standard form used for insolvency judgments and it does not order or authorize the sale of property. Rather, the form indicates whether there were any exceptions to any of the claims against the estate, and it sets forth the amount of each claim and the order in which the claims are to be paid. Therefore, we find that the judgment of insolvency did not by itself invoke the probate court's jurisdiction to order the sale of the real property at issue.

{¶ 29} The Estate also suggests that the probate court acquired jurisdiction over the sale of the real property because it applied for an appraiser in the probate court and then had the real property appraised. An appraisal of the property, however, had to be performed in order to determine whether the Estate was solvent. Therefore, the appraisal was not necessarily indicative of the probate court's exercising jurisdiction over the sale of the decedent's real property. Accordingly, we do not find that the appraisal invoked the probate court's jurisdiction either.

{¶ 30} We also do not find that the correspondence between the Estate's counsel and Fifth Third invoked the probate court's jurisdiction. The evidence contained in the record indicates that the Estate requested to settle Fifth Third's claim for less than the

balance owed so that the property could be sold. In response, Fifth Third advised the Estate that it would consider an offer to purchase the real property once an offer was made. The correspondence does not indicate what action, if any, was being taken in the probate court to facilitate a sale of the real property.

{¶ 31} In light of the foregoing, and even when considered together, we do not find that the insolvency proceedings, the appraisal of the real property, and the parties' correspondence demonstrate that the probate court acquired jurisdiction over the sale of the real property at issue. Based on the record before this court, there was no action taken by the Estate to invoke the probate court's jurisdiction over that matter. Rather, jurisdiction was first invoked in the court of common pleas when Fifth Third filed its foreclosure complaint. Therefore, for the reasons outlined above, the court of common pleas erred by dismissing the foreclosure action for want of jurisdiction.

{¶ 32} Fifth Third's sole assignment of error is sustained.

**Conclusion**

{¶ 33} Having sustained Fifth Third's assignment of error, the judgment of the Miami County Court of Common Pleas is reversed, and the matter is remanded to said court so that Fifth Third may pursue its foreclosure action.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Daniel A. Friedlander
James Roger O'Donnell
Paul M. Watkins

Hon. Stacy M. Wall