[Cite as *DeSantis v. Estate of DeSantis*, 2023-Ohio-519.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

LILIANA R. DeSANTIS,

Plaintiff,

v.

ESTATE OF JOSEPH J. DeSANTIS, DECEASED, AMY M. DeSANTIS, ADMINISTRATOR,

Defendant-Appellee,

v.

CHRISTIAN DeSANTIS,

Third-Party Defendant/Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0104**

---

Civil Appeal from the
Court of Common Pleas, Probate Division, of Mahoning County, Ohio
Case No. 2021 CI 00017

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

*Atty. Frank L. Cassese* and *Atty. Corey J. Grimm*, Ingram, Cassese & Grimm, LLP, 7330 Market Street, Youngstown, Ohio 44512, for Defendant-Appellee and

*Atty. Ronald E. Knickerbocker,* 725 Boardman-Canfield Road, Unit M-3, P.O. Box 3202, Youngstown, Ohio 44513, for Third-Party Defendant/Appellant.

Dated:  February 15, 2023

**D'Apolito, P.J.**

{¶1}    Appellant, Christian DeSantis ("Christian"), appeals from the October 19, 2021 judgment of the Mahoning County Court of Common Pleas, Probate Division, sua sponte dismissing the underlying action pursuant to Civ.R. 12(H)(3) for lack of subject-matter jurisdiction.   On appeal, Christian asserts the probate court should have transferred the case to the Mahoning County Court of Common Pleas, General Division, instead of sua sponte dismissing the action for lack of subject-matter jurisdiction.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    Christian is the son of Liliana R. DeSantis ("Liliana").  Liliana claims to be the majority stockholder of an Ohio corporation known as Quints Auto Body, Inc. ("Quints"), an auto body repair shop with a principal place of business located at 4280 Lake Park Road, Youngstown, Mahoning County, Ohio 44512 ("the Property"). (5/27/2021 Complaint, p. 1-2; 6/4/2021 First Amended Complaint, p. 1-2).  The Articles of Incorporation filed with the Ohio Secretary of State, however, reveal that the only two shareholders of Quints are "Joe DeSantis" and "Chris DeSantis."  (Appellee's Exhibit A). Joseph J. DeSantis ("the decedent") passed away on May 11, 2017.  (6/4/2021 First Amended Complaint, p. 3).  The decedent was the son of Liliana and her late husband, Quintino DeSantis ("Quintino").  (5/27/2021 Complaint, p. 2; 6/4/2021 First Amended Complaint, p. 2).  Christian was the brother of the decedent.  (*Id.* at p. 3).  On March 3, 2021, the probate court appointed Amy M. DeSantis, the surviving spouse and next of kin, as Administrator of the Estate of Joseph J. DeSantis.

**{¶3}** Liliana filed a complaint on May 27, 2021 and a first amended complaint on June 4, 2021, both in the Mahoning County Court of Common Pleas, Probate Division, against Appellee, Estate of Joseph J. DeSantis, Deceased, Amy M. DeSantis, Administrator ("the Estate"), claiming a breach of a promissory note and unjust enrichment. In her complaints, Liliana alleges, inter alia, the following: the decedent was a business manager for Quints; the decedent prohibited Liliana, Quintino, and Christian from inspecting and/or participating in the preparation or filing of any of the business records, accounts receivables, real estate tax payments, mortgage payments, etc.; the decedent diverted the gross proceeds from the business for his own use and embezzled substantial sums of money; as a direct and proximate result of the decedent's diversion of the business funds from the business and subsequent failure to pay the mortgage on the Property, PNC Bank filed a foreclosure in 2010, Case No. 2010 CV 3089 (against Liliana and Quintino), as a result of which Liliana and Quintino had to pay attorney fees and costs in an amount exceeding $138,000; the decedent failed to pay the real estate taxes on the Property (between 2014 through 2015) which resulted in Daniel Yemma, Treasurer of Mahoning County, filing an action, Case No. 2015 CV 1479 (against Liliana, Quintino, the decedent, and Christian) in an amount exceeding $13,370; in order to resolve the money issues between the parties, the decedent and Christian executed a promissory note in which they agreed to pay $152,000 to Liliana and Quintino; and that the Estate is now in default of said payment. (5/27/2021 Complaint, p. 2-3; 6/4/2021 First Amended Complaint, p. 2-3).

**{¶4}** On July 27, 2021, the Estate filed an answer, counterclaim, and third-party complaint against Christian for contribution on the Note. In its counterclaim, the Estate alleges the following: Liliana is not in compliance with R.C. 2117.06(B) because she failed to present any claim within the six-month period after the decedent's death; Liliana failed to provide any documentation that would demonstrate that she is in compliance with R.C. 1309.203(3)(b) and (c); Liliana failed to provide any documentation to demonstrate that she perfected her interest pursuant to R.C. 1309.313; and Liliana's claim is subject to discharge as an unsecured debt presented past the time allotted under R.C. 2117.06(B). In its third-party complaint against Christian, the Estate alleges the following: the Estate should be held harmless and indemnified by Christian from and against all sums, if any

as may be adjudicated against it in favor of Liliana; and in the alternative, to the extent the Estate is found liable to Liliana, then it should be entitled to contribution from Christian. (7/27/2021 Answer, Counterclaim and Third-Party Complaint, p. 4-5).

{¶5} On September 30, 2021, Liliana filed a reply to the Estate's counterclaim and Christian filed an answer to the third-party complaint against him.

{¶6} On October 19, 2021, the probate court sua sponte dismissed the action pursuant to Civ.R. 12(H)(3) for lack of subject-matter jurisdiction.

{¶7} Christian filed a timely appeal and raises one assignment of error.[1]

### ASSIGNMENT OF ERROR

**THE MAHONING COUNTY PROBATE COURT, A DIVISION OF THE MAHONING COUNTY COMMON PLEAS COURT, ERRED AS A MATTER OF LAW IN DISMISSING THE PLAINTIFF'S CLAIMS IN THIS CASE FOR LACK OF JURISDICTION, WHERE, AS HERE, THE PROBATE COURT COULD HAVE AND SHOULD HAVE TRANSFERRED SAID CLAIMS TO THE GENERAL JURISDICTION COURT OF THE MAHONING COUNTY COMMON PLEAS COURT WHICH DOES HAVE JURISDICTION, RATHER THAN LEAVING THE PLAINTIFF/APPELLANT WITHOUT A REMEDY.**

{¶8} In his sole assignment of error, Christian argues the probate court erred in sua sponte dismissing the underlying action for lack of subject-matter jurisdiction instead of transferring the case to the general division. Christian stresses the claims made by the Estate against him have thereby been left unresolved. Christian asserts "a real issue is in controversy as to the alleged contribution of [Christian] and the title to the Corporate Stock of [Quints.]" (5/25/2022 Appellant's Brief, p. 4).

{¶9} "A trial court's decision to dismiss for lack of subject-matter jurisdiction raises questions of law; thus, an appellate court reviews the decision de novo." *In re Britt*,

---

[1] Liliana also filed a notice of appeal with this court, Case No. 21 MA 0103. Christian raises the identical assignment of error as Liliana.

Case No. 21 MA 0104

7th Dist. Columbiana No. 14 CO 20, 2015-Ohio-1605, ¶ 19, citing *Morway v. Durkin,* 181 Ohio App.3d 195, 2009-Ohio-932, ¶ 18 (7th Dist.).

**{¶10}** In support of his position that the probate court should have transferred the case to the general division instead of sua sponte dismissing it, Christian relies on Civ.R. 73(B) which states, in part: "Venue. * * * Proceedings that are improperly venued shall be transferred to a proper venue provided by law and division (B) of this rule, and the court may assess costs, including reasonable attorney fees, to the time of transfer against the party who commenced the action in an improper venue." Christian also cites to two cases from our Sister Courts: one from 44 years ago, *Siebenthal v. Summers*, 56 Ohio App.2d 168 (10th Dist.1978), and another from 38 years ago, *Mid-Ohio Liquid Fertilizers, Inc. v. Lowe*, 14 Ohio App.3d 36 (12th Dist.1984), for the proposition that a transfer was warranted pursuant to Civ.R. 73(B).

**{¶11}** It appears Christian is focusing on venue rather than jurisdiction. "[J]urisdiction and venue are distinct legal concepts." *In the Matter of B.M.*, 4th Dist. Hocking No. 16CA12, 2017-Ohio-7878, ¶ 8, citing *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, ¶ 16. "Venue is a 'procedural matter,' and it refers not to the power to hear a case but to the geographical location where a given case should be heard." *In the Matter of B.M., supra,* at ¶ 8, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 87-88 (1972). If an action does not appear to be one of the "'(p)roceedings under Chapters 2101. through 2131. of the Revised Code[,]'" then "Civ.R. 73(B) is inapplicable." *U.S. Bank, N.A. v. Webb*, 139 Ohio Misc.2d 54, 2006-Ohio-5462, ¶ 8.

**{¶12}** "Venue" is defined as: "1. The proper or a possible place for a lawsuit to proceed * * *. 2. The territory, such as a country or other political subdivision, over which a trial court has jurisdiction." *Black's Law Dictionary* (11th Ed.2019). "'Venue must be carefully distinguished from jurisdiction. Jurisdiction deals with the power of a court to hear and dispose of a given case.'" (*Id.* at 3, quoting Jack H. Friedenthal et al., *Civil Procedure* 2.1, at 10 (2d Ed.1993).

**{¶13}** "Jurisdiction" is defined as: "1. A government's general power to exercise authority over all persons and things within its territory * * *. 2. A court's power to decide a case or issue a decree." *Black's Law Dictionary* (11th Ed.2019).

**{¶14}** At issue in the case at bar is subject-matter jurisdiction. "Subject-matter jurisdiction is defined as a court's power to hear and decide cases." *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.,* 188 Ohio App.3d 27, 2010-Ohio-1537, ¶ 15 (7th Dist.), citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Subject-matter jurisdiction "'connotes the power of the court to hear and decide a case *upon its merits.*'" (Emphasis sic). *Fifth Third Bank, supra,* at ¶ 17, quoting *Morrison, supra,* at 87. "When determining whether a court has subject matter jurisdiction, a court does not determine which forum should hear and decide the case[.]" *Fifth Third Bank* at ¶ 17.

**{¶15}** As stated, the underlying action commenced with Liliana's filing of her complaints in the Mahoning County Court of Common Pleas, Probate Division. "The probate court is a court of limited jurisdiction and thus cannot exercise authority other than that specifically granted by statute or the constitution." *Estate of Dombroski v. Dombroski*, 7th Dist. Harrison No. 14 HA 3, 2014-Ohio-5827, ¶ 12, citing *Corron v. Corron*, 40 Ohio St.3d 75, 77 (1988); R.C. 2101.24, "Jurisdiction of probate court." "[T]he probate division has no jurisdiction over claims for money damages arising from allegations of fraud." *Schucker v. Metcalf*, 22 Ohio St.3d 33, 35 (1986); *Dumas v. Estate of Dumas*, 68 Ohio St.3d 405, 408 (1994) (Because the plaintiff's primary aim was recovery of money damages from alleged fraud, then the issues raised were solely within the jurisdiction of the general division); *Sosnoswsky v. Koscianski*, 8th Dist. Cuyahoga No. 106147, 2018-Ohio-3045, ¶ 12.

**{¶16}** Civ.R. 12(H)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court *shall* dismiss the action." (Emphasis added.) Civ.R. 12(H)(3) does not require notice before dismissal. *In re Britt*, *supra,* at ¶ 31. A probate court may sua sponte dismiss an action under Civ.R. 12(H)(3). *Id.* at ¶ 32.

**{¶17}** Upon review, the allegations raised in Liliana's complaints, filed in the Mahoning County Court of Common Pleas, Probate Division, do not fall under the purview of R.C. 2101.24. Rather, Liliana stressed that the decedent diverted gross proceeds from the business and embezzled substantial sums of money for his personal use. (5/27/2021 Complaint, p. 2; 6/4/2021 First Amended Complaint, p. 2). Thus, Liliana apparently raised claims for money damages arising from allegations of fraud. (*Id.*). However, "the probate

division has no jurisdiction over claims for money damages arising from allegations of fraud." *Schucker, supra,* at 35. Accordingly, the probate court did not err in sua sponte dismissing the action pursuant to Civ.R. 12(H)(3) for lack of subject-matter jurisdiction. Christian's claims, like Liliana's, have no merit.

## CONCLUSION

**{¶18}** For the foregoing reasons, Christian's sole assignment of error is not well-taken. The October 19, 2021 judgment of the Mahoning County Court of Common Pleas, Probate Division, sua sponte dismissing the underlying action pursuant to Civ.R. 12(H)(3) for lack of subject-matter jurisdiction is affirmed.

Waite, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Probate Division, of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**