OPINION *Page 2 
{¶ 1} On October 29, 2004, several individuals, including appellants, Charles and Edith Untied, filed a complaint for breach of contract against appellee, J. J. Detweiler Enterprises, Inc. Appellants alleged they were promised "free gas" if they purchased at least five acres of property from appellee. After purchasing five plus acres, appellants received free gas for some seven years until appellee notified appellants they would no longer receive free gas. An amended complaint was filed on January 3, 2006 to add a claim for fraudulent misrepresentation against appellee and add a party defendant to that claim, appellee, Joseph J. Detweiler, individually.
 {¶ 2} A jury trial commenced on September 26, 2006. The jury found in favor of appellants as against appellee J. J. Detweiler Enterprises, Inc. on the breach of contract claim in the amount of $19,500.00, and for appellees on appellants' fraud claim. Following the jury's decision, appellees moved for a judgment notwithstanding the verdict due to inconsistencies with some of the jury's answers to interrogatories. In the alternative, appellees requested a new trial. By judgment entry filed January 12, 2007, the trial court granted the motion for judgment notwithstanding the verdict and set aside the jury's verdict. The trial court deemed the motion for new trial moot and therefore denied same.
 {¶ 3} Appellants filed an appeal on February 9, 2007 and assigned the following errors:
 I {¶ 4} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT." *Page 3 
 II {¶ 5} "THE TRIAL COURT ERRED IN EXCLUDING EXHIBIT 3A, WHICH UNDISPUTEDLY WAS ATTACHED TO THE CONTRACT BETWEEN THE UNTIEDS AND J. J. DETWEILER ENTERPRISES."
 III {¶ 6} "THE TRIAL COURT ERRED BY SEPARATING THE TRIALS OF EACH OF THE PLAINTIFFS."
 IV {¶ 7} "THE TRIAL COURT ERRED IN ALLOWING APPELLEES TO RESERVE THEIR OPENING STATEMENT UNTIL APPELLANTS HAD ENDED THEIR CASE."
 V {¶ 8} "THE TRIAL COURT ERRED PROHIBITING THE UNTIEDS FROM REFERENCING APPELLEES' FAILURE TO PROVIDE EVIDENCE REFERENCED IN THEIR OPENING STATEMENT."
 {¶ 9} Appellees filed a cross-appeal on February 20, 2007 and assigned the following errors:
 CROSS-ASSIGNMENT OF ERROR I {¶ 10} "THE TRIAL COURT ERRED IN ALLOWING EVIDENCE CONCERNING A BREACH OF CONTRACT, AND IN DENYING APPELLEE'S MOTION FOR A DIRECTED VERDICT AS APPELLANTS' COMPLAINT ALLEGES BREACH OF A WARRANTY DEED COVENANT AND NO COVENANT EXISTS THAT WAS BREACHED." *Page 4 
 CROSS-ASSIGNMENT OF ERROR II {¶ 11} "THE TRIAL COURT ERRED IN DENYING APPELLEE'S MOTION TO DISMISS AND MOTION FOR A DIRECTED VERDICT FOR VIOLATION OF THE STATUTE OF LIMITATIONS AS TO A WRITTEN BREACH OF CONTRACT CASE."
 CROSS-ASSIGNMENT OF ERROR III {¶ 12} "THE TRIAL COURT ERRED IN ALLOWING INTO EVIDENCE TESTIMONY AS TO ANY ORAL AND/OR WRITTEN PROMISES ALLEGED BY THE APPELLANT TO BE MADE BY THE APPELLEE WHICH WERE NOT CONTAINED WITHIN THE DEEDS AND/OR EXHIBIT `A ATTACHED TO THE APPELLANT'S AMENDED COMPLAINT."
 CROSS-ASSIGNMENT OF ERROR IV {¶ 13} "THE TRIAL COURT INCORRECTLY INSTRUCTED THE JURY CONCERNING DAMAGES AND ERRED IN ALLOWING INTO EVIDENCE INADMISSIBLE TESTIMONY AND DOCUMENTATION CONCERNING DAMAGES AND ERRORED (SIC) IN NOT GRANTING APPELLEE'S MOTION FOR DIRECTED VERDICT."
 CROSS-ASSIGNMENT OF ERROR V {¶ 14} "THE TRIAL COURT ERRED IN NOT GRANTING A MOTION FOR DIRECTED VERDICT AS APPELLANTS FAILED TO PROVE THAT THERE WAS A WRITTEN CONTRACT WHICH WAS BREACHED."
 CROSS-ASSIGNMENT OF ERROR VI {¶ 15} "THE TRIAL COURT ERRED IN NOT GRANTING APPELLEE'S MOTION FOR A DIRECTED VERDICT BASED UPON THE DOCTRINE OF MERGER." *Page 5 
 {¶ 16} This matter is now before this court for consideration.
 I {¶ 17} Appellants claim the trial court erred in granting appellees' Civ.R. 50(B) motion for judgment notwithstanding the verdict. We agree.
 {¶ 18} In its judgment entry filed January 12, 2007, the trial court rested its decision on appellees' claim of inconsistent jury interrogatories vis-à-vis the general verdict rendered by the jury:
 {¶ 19} "Analysis of the interrogatories answered by the jury reveals the following facts. In interrogatory number 1, the jury found for the plaintiffs on a claim for breach of contract. However, in interrogatory number 13, the jury did not find that plaintiff and any defendant entered a written contract for free gas. In interrogatory number 14 the jury did not find a material breach of any written contract. Therefore the jury must have concluded that an oral contract existed but not a written contract. The jury must have awarded plaintiffs damages on a cause of action for breach of oral contract.
 {¶ 20} "Significantly however, the pleadings in this case do not set forth a cause of action for oral contract. Furthermore, the statute of limitations for suit on an oral contract would foreclose such claim in plaintiffs' complaint, filed October 29, 2004, given the other facts of this case.
 {¶ 21} "While plaintiffs suggest that there is `strong evidence' to support the jury's finding that a written contract to provide gas was breached, plaintiffs' analysis ignores that the jury clearly, in the course of answering interrogatories 13 and 14, does not find the existence of a written contract to that effect. Such is within the power of the jury. *Page 6 
Plaintiff's argument that the interrogatories (particularly 13 and 14) did not specify which defendant they concern is unpersuasive."
 {¶ 22} Civ.R. 50(B) governs motions for judgment notwithstanding the verdict and states the following:
 {¶ 23} "Whether or not a motion to direct a verdict has been made or overruled and not later than fourteen days after entry of judgment, a party may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion; or if a verdict was not returned such party, within fourteen days after the jury has been discharged, may move for judgment in accordance with his motion. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment. If the judgment is reopened, the court shall either order a new trial or direct the entry of judgment, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence. If no verdict was returned the court may direct the entry of judgment or may order a new trial."
 {¶ 24} In Pariseau v. Wedge Products, Inc. (1988), 36 Ohio St.3d 124,127, the Supreme Court of Ohio discussed the standard of review on a motion for judgment notwithstanding the verdict as follows:
 {¶ 25} "While we are aware that the grounds for granting a judgment n.o.v. are not easily met, a motion for such a judgment must be sustained when circumstances so require. *Page 7 
 {¶ 26} "`The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.' Posin v.A.B.C. Motor Court Hotel (1976), 46 Ohio St. 2d 271, 275,74 O.O. 2d 427, 430, 344 N.E. 2d 334, 338; McNess v. Cincinnati Street Ry. Co.
(1949), 152 Ohio St. 269, 40 O.O. 318, 89 N.E. 2d 138; Ayers v.Woodard (1957), 166 Ohio St. 138, 1 O.O. 2d 377, 140 N.E. 2d 401; Civ. R. 50(A) and (B)."
 {¶ 27} As noted by the Pariseau case, the presumptions in a Civ.R. 50(B) motion are the same as with a motion for directed verdict. In its analysis, the trial court did not consider the testimony of the various witnesses, but rested its decision on a legal analysis of the complaint, general verdict, and specific interrogatories namely, Interrogatory Nos. 13 and 14. For the following reasons, we find the very high burden imposed by Civ.R. 50(B) has not been met sub judice.
 {¶ 28} In appellants' January 3, 2006 amended complaint, ¶ 9 states the cause of action is based upon a breach of a covenant in the warranty deed. Although there is significant disagreement as to whether the covenant was actually recorded with the general warranty deed, we must presume under a Civ.R. 50(B) standard that it was *Page 8 
recorded and was a covenant that attached to the land. The cause of action was premised upon a written agreement and not an oral agreement.
 {¶ 29} Further, the amended complaint set forth two defendants, J. J. Detweiler Enterprises, Inc. and Joseph J. Detweiler. On the warranty deed that included the covenant for free gas, J. J. Detweiler Enterprises, Inc. is the grantor. The general verdict for breach of contract rendered on September 28, 2006 states, "We, the jury, find the issues in favor of the plaintiffs and award to the plaintiffs $19,500.00 in compensatory damages." General verdicts on appellants' fraud claims were entered in favor of each appellee.
 {¶ 30} The interrogatories in question, Nos. 13 and 14, asked the following, respectively:
 {¶ 31} "13. Do you find that the Plaintiff and Defendant entered into a written contract for the purchase of real estate with free gas?
 {¶ 32} "14. Do you find that the Defendant materially breached the written contract entered into with the Plaintiff?"
 {¶ 33} Both interrogatories were answered in the negative. These two interrogatories immediately followed interrogatories specifically addressed to the liability of Joseph J. Detweiler who was not the grantor of the deed and covenant at issue. They also speak to a single defendant and not joint defendants.
 {¶ 34} Although we concede there is in fact a discrepancy between the interrogatories, these discrepancies for purposes of a Civ.R. 50(B) standard must be construed in favor of appellants, the non-moving parties. *Page 9 
 {¶ 35} Assignment of Error I is granted and the matter is remanded to the trial court for a determination on the motion for new trial pursuant to Civ.R. 50(C)(1) which states the following:
 {¶ 36} "If the motion for judgment notwithstanding the verdict, provided for in subdivision (B) of this rule, is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed."
 II {¶ 37} Appellants claim the trial court erred in excluding Plaintiffs' Exhibit 3(A). We disagree.
 {¶ 38} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 39} The trial court predicated its ruling on the fact that the document was not the same document as attached to the sales contract:
 {¶ 40} "THE COURT: 3-A is denied admission. 3-A, among other things, was testified as not what was attached to 3.
 {¶ 41} "* * *
 {¶ 42} "MR. SNOW: Yes. In fact, Mr. Detweiler himself testified that 3-A was attached as the attachment to 3. So we have an admission from the defendant, who *Page 10 
prepared it, that it was attachment to the contract. And then was also an attachment to the deed and made part of the deed.
 {¶ 43} "THE COURT: How can the same piece of paper be in two places at one time?
 {¶ 44} "MR. SNOW: The testimony was that it was either that piece of paper or a copy of that piece of paper — a similar, exact copy of that piece of paper was part of the contract and part of the deed. That was his testimony.
 {¶ 45} "THE COURT: The exhibit marked as 3-A indicates it's recorded at Volume 363, Page 306 of what I believe to be the deed records of Coshocton County.
 {¶ 46} "MR. SNOW: And it could well be part of the deed record. But it could have been part and appears to be the very same document, the dates on it are exactly the same and the testimony clearly from Mr. Detweiler was that 3-A was part of the contract.
 {¶ 47} "THE COURT: So, if that indication, that index volume and page number are on the document, then it's not the same document that was attached to the sales contract because it has been altered. Leading to the question of what other alterations may there have been?" T. at 346-347.
 {¶ 48} Attached to Plaintiffs' Exhibit 4, the warranty deed, is the same covenant as Exhibit 3(A) therefore, we find no error in denying the admission of Exhibit 3(A). Exhibit 3(A) was in fact before the jury via Exhibit 4.
 {¶ 49} Assignment of Error II is denied. *Page 11 
 III, IV {¶ 50} These assignments attack the procedures used by the trial court. Specifically, appellants claim the trial court erred in bifurcating the trials of each of the plaintiffs and in permitting appellees to make their opening statement at the end of appellants' case-in-chief. We disagree.
 {¶ 51} Civ.R. 21 governs misjoinder and nonjoinder of parties and states the following:
 {¶ 52} "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."
 {¶ 53} Given the potential for different claims of specific damage as to the other plaintiffs vis-à-vis appellants, we find the trial court did not abuse its discretion in bifurcating the trials.
 {¶ 54} The control of courtroom procedure is left to the discretion of the trial court. Under Evid.R. 301, the perception in civil actions is that the plaintiffs carry the burden forward until they have rested. Therefore, it is not out of rule for the defending parties to wait until all of the evidence has been presented to present their defense to the action.
 {¶ 55} Assignments of Error III and IV are denied.
 V {¶ 56} Appellants claim the trial court erred in limiting their closing argument. We disagree. *Page 12 
 {¶ 57} The trial court has broad discretion to control the proceedings before it. State ex rel. Butler v. Demis (1981), 66 Ohio St.2d 123. A trial court's decision to limit closing arguments should not be reversed absent an abuse of discretion. See, Pang v. Minch (1990),53 Ohio St.3d 186; Blakemore.
 {¶ 58} Specifically, appellants claim the trial court erred in prohibiting their counsel from referencing appellees' failure to provide certain evidence:
 {¶ 59} "MR. SNOW: * * * Now, you remember when the defendant's counsel stood up here at the beginning of their case and said what they would prove. Frankly, ladies and gentlemen, they proved nothing. They brought on two short witnesses to give you some information. One person who claimed to be a property evaluator who really didn't even look at the property. What was expected, I would have thought was, that Mr. Detweiler would have come on the stand to defend himself." T. at 425.
 {¶ 60} Appellees' counsel objected, and the trial court instructed Mr. Snow "not to argue that type of thing to the jury" and instructed the jury to disregard the statements. T. at 425-426.
 {¶ 61} Mr. Detweiler testified on cross-examination during appellants' case-in-chief. Mr. Detweiler defended himself during this cross-examination. T. at 59. Further, the burden of proof remained with appellants, and the comments could have implied a switch in the burden of proof.
 {¶ 62} Assignment of Error IV is denied. *Page 13 
 CROSS-ASSIGNMENTS OF ERROR {¶ 63} In their cross-assignments of error, appellees challenge certain rulings by the trial court. Without a ruling on the motion for new trial, we find any opinions on these cross-assignments to be advisory.
 {¶ 64} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded.
 By Farmer, J. Delaney, J. concur and Gwin, P.J. dissents. *Page 14