[Cite as *McKitrick v. LaRose*, 2022-Ohio-3800.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bradley T. McKitrick et al., | : | |
| Plaintiffs-Appellants, | : | No. 22AP-582 |
| | | (C.P.C. No. 22CV-6230) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Frank LaRose, in his official capacity as Ohio Secretary of State, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on October 25, 2022

**On brief:** *McTigue & Colombo, LLC*, *Donald J. McTigue*, and *J. Corey Colombo*, for appellants.

**On brief:** *Dave Yost*, Attorney General, *Julie M. Pfeiffer*, *Michael A. Walton*, and *Garrett M. Anderson*, for appellee Frank LaRose, in his official capacity as Ohio Secretary of State.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1} Plaintiffs-appellants, Bradley T. McKitrick and William S. Jordan, III, appeal from a judgment of the Franklin County Court of Common Pleas denying appellants' motion for a temporary restraining order and preliminary injunction enjoining the inclusion of Judge Jill Flagg Lanzinger's name on the November 8, 2022 general election ballot for a seat on the Ninth District Court of Appeals. For the following reasons, we vacate the trial court's judgment and remand with instructions to dismiss the matter.

**I. Facts and Procedural History**

{¶ 2}   Appellants are qualified electors of Summit County, Ohio, entitled to vote for judicial candidates for the Ninth District Court of Appeals.  The 2022 general election ballot will include three open seats on the Ninth District Court of Appeals, with terms that commence on February 9, 10, and 11, 2023, respectively.

{¶ 3}   Judge Lanzinger, who currently sits on the Barberton Municipal Court, ran as a Republican in the May 3, 2022 primary election by declaration of candidacy for the seat on the Ninth District Court of Appeals that commences on February 9, 2023.  Judge Lanzinger won that primary.  Judge Lynn Callahan, currently a judge on the Ninth District Court of Appeals, won the Republican primary for the seat commencing on February 11, 2023.  After winning the primary, however, Judge Callahan announced her retirement and withdrew as a candidate for that seat.  After Judge Callahan made this announcement, Judge Lanzinger withdrew her candidacy for the seat for which she was nominated at the primary election.  The Republican Party District Committee for Summit, Wayne, Medina, and Lorain counties selected Judge Lanzinger to fill the general election vacancy created by Judge Callahan's withdrawal of candidacy.  This nomination was accepted by Judge Lanzinger and was sent to the Summit County Board of Elections for certification.  Two board of elections members voted to certify Judge Lanzinger's candidacy, and the other two voted against this certification.  Consequently, pursuant to R.C. 3501.11(X), the matter was referred to defendant-appellee Ohio Secretary of State Frank LaRose ("Secretary") to break the tie.  The Secretary decided the issue in favor of placing Judge Lanzinger's name on the general election ballot as a candidate for the seat commencing February 11, 2023.

{¶ 4}   On September 8, 2022, appellants filed a declaratory judgment complaint and a motion for temporary restraining order and preliminary injunction requesting the trial court enjoin the Secretary and the board members of the Summit County Board of Elections from placing Judge Lanzinger on the 2022 general election ballot.  The trial court denied the motion based on its finding that appellants did not meet their burden of establishing, under the pertinent factors, that the requested injunction is warranted.

{¶ 5}   Appellants timely appeal.

## II. Assignments of Error

{¶ 6}   Appellants assign the following errors for our review:

[1.] The Trial Court erred in its finding that R.C. 3513.04 applies only to unsuccessful candidates at the primary election.

[2.] The Trial Court erred in finding that Appellants will not suffer irreparable injury.

[3.] The Trial Court erred in finding "harm" to Judge Lanzinger.

[4.] The Trial Court erred in its analysis for the public interest.

## III. Discussion

{¶ 7}   Before addressing the merits of appellants' appeal, we must determine the threshold issue of whether the trial court had subject-matter jurisdiction. Subject-matter jurisdiction is a court's power to hear and decide a particular class of cases. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 19. Because a court is powerless to hear and decide a case without subject-matter jurisdiction, the issue cannot be waived and may be raised at any time by the parties or a reviewing court. *State ex rel. Bond v. Velotta Co.*, 91 Ohio St.3d 418, 419 (2001); *Pointer v. Smith*, 10th Dist. No. 20AP-555, 2021-Ohio-2247, ¶ 8.

{¶ 8}   Here, the Secretary's tie-breaking decision, placing Judge Lanzinger's name on the general election ballot as a candidate for the Ninth District Court of Appeals seat commencing February 11, 2023, was made pursuant to R.C. 3501.11(X). This statute provides as follows: "In all cases of a tie vote or a disagreement in the board, if no decision can be arrived at, the director or chairperson shall submit the matter in controversy, not later than fourteen days after the tie vote or the disagreement, to the secretary of state, who shall summarily decide the question, and the secretary of state's decision shall be final." Because the Secretary's tie-breaking decision is "final," it is not subject to judicial review, except in an action seeking an extraordinary writ. *State ex rel. Emhoff v. Medina Cty. Bd. of Elections*, 153 Ohio St.3d 313, 2018-Ohio-1660, ¶ 14; *State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 583 (1995).

{¶ 9}   A court may review, in an extraordinary action, "whether the Secretary of State engaged in fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions." *Id.*  A declaratory judgment and injunctive relief action is not an action that seeks an extraordinary writ.  *State ex rel. Ministerial Day Care Assn. v. Zelman*, 100 Ohio St.3d 347, 2003-Ohio-6447, ¶ 25; *Brown v. Columbus City Schools Bd. of Edn.*, 10th Dist. No. 08AP-1067, 2009-Ohio-3230, ¶ 14.  Appellants, seeking to challenge the Secretary's decision to place Judge Lanzinger's name on the 2022 general election ballot, initiated this action for declaratory judgment and injunctive relief in the ordinary course of law.  Because the trial court lacked subject-matter jurisdiction over appellants' action, it erred in not dismissing the case before reaching the merits.

{¶ 10} Accordingly, we vacate the judgment of the Franklin County Court of Common Pleas and remand this matter to that court with instructions to dismiss the case. This disposition renders as moot appellants' four assignments of error.

*Judgment vacated;*
*cause remanded.*

KLATT and SADLER, JJ., concur.

———————————