[Cite as *Weinberg v. Merriman*, 2024-Ohio-971.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

RICHARD WEINBERG, EXECUTOR, :

    Plaintiff-Appellant, :

                             Nos. 112594 and 112595

    v. :

MERRIMAN LEGANDO WILLIAMS & :
KLANG, LLC, ET AL,

    Defendants-Appellees. :

_____

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 14, 2024

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Court Division
Case No. 2022ADV275304 and 2022ADV275303

_____

***Appearances:***

McDonald Hopkins, LLC, and Franklin C. Malemud, *for
appellant*.

Gallagher Sharp LLP, Timothy T. Brick, and Maia E. Jerin,
*for appellees*.

MICHAEL JOHN RYAN, J.:

{¶ 1} This case arises from two complaints for concealment of assets brought pursuant to R.C. 2109.50 et seq. by plaintiff-appellant Richard Weinberg, Executor of the Estate of Jack Landskroner, deceased, (referred to as "Weinberg" or "the estate") and on behalf of the Landskroner Law Firm, LTD ("LLF"). The Cuyahoga County Probate Court dismissed both complaints after finding that it did not have subject-matter jurisdiction and the complaints failed to state claims upon which relief could be granted. After a thorough review of the facts and the law, we affirm.

{¶ 2} In 2019, allegations surfaced that Jack Landskroner ("Landskroner") was part of a multimillion-dollar kickback scheme related to a class action lawsuit against the Los Angeles Department of Water & Power. Landskroner had represented the class claimants and earned $10.3 million in attorney fees, $2.175 million of which, it was alleged, he unlawfully paid as a kickback.

{¶ 3} After the allegations surfaced, defendant-appellee, Tom Merriman ("Merriman") and other LLF attorneys left the firm to form Merriman Legal. LLF and Merriman Legal negotiated a settlement agreement through which Merriman Legal took over primary responsibility for 190 active contingency fee cases and LLF retained cases that had previously been settled.

{¶ 4} The separation agreement between LLF and Merriman Legal and its partners provided that "disputes concerning the division of fees for matters where they serve as co-counsel * * * are subject to arbitration or mediation pursuant to Ohio Rule of Professional Conduct 1.5(f)." The agreement further provided for

payment of fees and expenses to LLF as long as Landskroner remained the managing and sole member of LLF. The agreement did not provide for a continuation of payment of fees upon the death of a party to the agreement or provide for payments to Landskroner individually.

{¶ 5} On September 3, 2020, unbeknownst to Merriman Legal, Landskroner created a trust ("LLF Trust") to acquire LLF, with Landskroner as the sole beneficiary. On May 26, 2021, Landskroner was declared incapacitated pursuant to the terms of the LLF Trust. At that time, Landskroner's wife and children became additional beneficiaries of the Trust. Landskroner died on June 19, 2021, leaving his wife and children as sole beneficiaries. Weinberg transferred the interests out of the LLF Trust and into Landskroner's estate at some point prior to filing the estate in probate court.

{¶ 6} In July 2021, Merriman Legal learned that LLF had been put into a trust. Concerned that the LLF Trust had nonlawyer beneficiaries, Merriman Legal requested an advisory opinion from the Ohio Board of Professional Conduct regarding the sharing of attorney fees with the law firm of a deceased solo practitioner whose ownership interests in that firm had been placed in a trust with nonlawyer beneficiaries.

{¶ 7} In August 2021, Weinberg requested the status of "cases still remaining on the Separation Agreement exhibits." Merriman Legal responded that it was

holding funds in its IOLTA[1] account pending guidance from the Board of Professional Conduct. The Board of Professional Conduct subsequently issued a Staff Letter, which advised Merriman Legal that "your law firm cannot share the earned legal fees with the nonlawyer beneficiaries via the trust and you should continue to hold the fees in your IOLTA until the dispute is resolved."

{¶ 8} Weinberg retained an attorney in the matter, who notified Merriman Legal that "LLF, as an entity, remains active for the sole purpose of winding-up its affairs, which primarily entails the efforts to receive and make payment of legal fees owed to and by LLF," including the division of legal fees as set forth by the parties' separation agreement. Weinberg maintained the position that there was money due and owing to the estate.

{¶ 9} Unable to resolve their issues, Weinberg, on behalf of the estate, filed two complaints in Cuyahoga County Probate Court against Merriman Legal, one relating to alleged concealment of case expense reimbursements and personal property in the form of server data (2022ADV275303) and the other relating to alleged concealment of legal fees (2022ADV275304).

{¶ 10} Merriman Legal moved to dismiss both cases pursuant to Civ.R. 12(B)(1), arguing that the dispute arose solely out of a fee-dispute between the two law firms, which would fall into the exclusive arbitration jurisdiction of state or local bar associations, and Civ.R. 12(B)(6), for failure to state a cognizable claim

[1] Interest on Lawyer Trust Account — an interest-bearing trust account used for holding client funds.

for concealment of assets. Weinberg opposed the motions. In separate opinions dated March 13, 2023, the probate court granted the motions to dismiss.

{¶ 11} In its opinion, the probate court found that it did not have subject-matter jurisdiction over the case because the parties' dispute was a fee dispute arising out of the settlement agreement. The court further found that the assets the estate was looking to recover belonged to the LLF Trust, not to LLF or Landskroner, at the time of his death and were not subject to recovery under R.C. 2109.50.

{¶ 12} Weinberg filed a notice of appeal and this court sua sponte referred the parties to the court mediator. The parties failed to come to an agreement and the case was returned to the active docket.

**Assignments of Error**

{¶ 13} Weinberg raises the following assignments of error:

I. The trial court order granting Merriman Legal's motion to dismiss wrongly and baselessly concluded that the court lacked jurisdiction over the complaints.

II. The trial court order granting Merriman Legal's motion to dismiss wrongly conducted an unauthorized factual inquiry to conclude that the complaints failed to state a claim.

**Probate Court Lacked Jurisdiction — Civ.R. 12(B)(1)**

{¶ 14} In the first assignment of error, Weinberg argues that the trial court erred in granting Merriman Legal's motion to dismiss based on a lack of subject-matter jurisdiction.

{¶ 15} "Subject-matter jurisdiction is a court's power to hear and decide a particular class of cases." *McKitrick v. Larose*, 2022-Ohio-3800, 199 N.E.3d 677,

¶ 7 (10th Dist.), citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19. This determination involves a question of law that we review de novo. *Phillips v. Deskin*, 5th Dist. Richland No. 12CA119, 2013-Ohio-3025, ¶ 8, citing *Shockey v. Fouty*, 106 Ohio App.3d 420, 666 N.E.2d 304 (4th Dist.1995). Under a de novo analysis, we accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991).

{¶ 16} In determining whether the estate alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court is not confined to the allegations of the complaint and can consider relevant evidentiary material. *Tibbs v. Kendrick*, 93 Ohio App.3d 35, 39-40, 637 N.E.2d 397 (8th Dist.1994), citing *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976). A trial court may dismiss a complaint for lack of jurisdiction over subject matter on the basis of (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the trial court's resolution of disputed facts. *Tibbs* at 40, citing *Jenkins v. Eberhart*, 71 Ohio App.3d 351, 355, 594 N.E.2d 29 (4th Dist.1991).

{¶ 17} Probate courts are courts of limited jurisdiction, and proceedings in probate court are restricted to those actions permitted by statute and by the Ohio Constitution. *Goldberg v. Maloney*, 111 Ohio St.3d 211, 2006-Ohio-5485, 855 N.E.2d 856, ¶ 23, citing *Corron v. Corron*, 40 Ohio St.3d 75, 531 N.E.2d 708 (1988).

"The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." R.C. 2101.24(C).

{¶ 18} The estate filed its complaints under R.C. 2109.50. A R.C. 2109.50 proceeding for the discovery of concealed assets of an estate is a special proceeding of a summary, inquisitorial character, the purpose of which is to facilitate the administration of estates by summarily retrieving assets that rightfully belong to the estate. *Goldberg* at *id.*, citing *In re Estate of Fife*, 164 Ohio St. 449, 132 N.E.2d 185 (1956). R.C. 2109.50 authorizes proceedings in a probate court against persons suspected of concealing, embezzling, or conveying away estate assets and permits an examination of persons on anything touching upon the matter of the concealment complaint:

> Upon complaint made to the probate court of the county having jurisdiction of the administration of a trust estate or of the county wherein a person resides against whom the complaint is made, by a person interested in such trust estate or by the creditor of a person interested in such trust estate against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, chattels, or choses in action of such estate, said court shall by citation, attachment or warrant, or, if circumstances require it, by warrant or attachment in the first instance, compel the person or persons so suspected to forthwith appear before it to be examined, on oath, touching the matter of the complaint.

{¶ 19} In its motion to dismiss, Merriman Legal argued that the probate court did not have subject-matter jurisdiction over Weinberg's claims because the estate sought recovery of assets that were part of a fee dispute between LLF and Merriman Legal; the assets, Merriman Legal argues, were not part of the estate.

Weinberg countered that the claims were properly filed in probate court because the disputed fees were earned while Merriman was still an attorney at LLF and Prof.Cond.R. 1.5 does not cover disputes between lawyers at the same firm.

{¶ 20} Prof.Cond.R. 1.5 addresses the requirements for division of fees among attorneys. Prof.Cond.R. 1.5(f) states:

> In cases of a dispute between lawyers arising under this rule, fees shall be divided in accordance with the mediation or arbitration provided by a local bar association. When a local bar association is not available or does not have procedures to resolve fee disputes between lawyers, the dispute shall be referred to the Ohio State Bar Association for mediation or arbitration.

{¶ 21} The parties' settlement agreement provided as follows:

> All fees to be paid by Merriman Legal to LLF must be "paid in compliance with the Ohio Rules of Professional Conduct and the laws of the State of Ohio."

> The parties recognize that disputes concerning the division of fees for matters where they serve as co-counsel after the Separation Date are subject to arbitration or mediation pursuant to Ohio Rule of Professional Conduct 1.5(f).

{¶ 22} Weinberg contends that he is owed fees for cases settled prior to the separation agreement date consisting of "fees earned from cases resolved while Merriman still worked for LLF." But under the terms of the separation agreement the cases settled prior to the separation date were retained by LLF. The fees at issue were collected after the separation date and after Landskroner's death.

{¶ 23} The record reflects that while Merriman Legal and/or LLF attorneys may have worked on transferred cases while still affiliated with LLF, the transferred cases were pending when the separation agreement was executed, and Merriman

Legal did not "earn" or collect any fees on these contingency cases until after the two firms parted ways. The separation agreement was an agreement between two law firms: LLF and Merriman and the individual attorneys associated with the firms; the agreement was not between lawyers of the same firm.

{¶ 24} Weinberg relies on *Hohmann, Boukis & Curtis Co., LPA v. Brunn Law Firm Co., LPA*, 138 Ohio App.3d 693, 697-698 (8th Dist.2000), in arguing that Prof.Cond.R. 1.5(f) does not apply to fee disputes between attorneys who are not presently, but were at one time, in the same firm. In *Hohmann*, the claims and counterclaims focused on what the various lawyers had allegedly done to each other while they were working at the same law firm. More specifically, the allegations centered on whether the parties violated the terms of one attorney's partnership relationship with the firm.

{¶ 25} Unlike the current dispute between LLF and Merriman Legal, *Hohmann* did not involve an alleged breach of an agreement between two law firms or an agreement to share fees collected after separation; the misconduct in *Hohmann* purportedly occurred while the attorney was at the firm. Unlike the instant dispute, the fee dispute in *Hohmann* also did not involve any agreement between the two firms regarding co-counsel fees to be shared after the attorney resigned. Here, Weinberg has not alleged that Merriman or other former LLF attorneys concealed estate assets while they were still employed by LLF, claimed that the former LLF attorneys refused to share attorney fees while they were employed by LLF, or claimed that LLF attorneys violated the terms of an agreement

that governed their employment with LLF. Moreover, unlike *Hohmann*, the disputes herein, including LLF's pursuit of server data and case expenses, arise directly from, and are governed by, the parties' separation agreement.

{¶ 26} This case is more akin to *In re Estate of Southard*, 192 Ohio App.3d 590, 2011-Ohio-836, 949 N.E.2d 1049 (10th Dist.), in which the Tenth District Court of Appeals concluded that the probate court lacked jurisdiction over a fee dispute between two attorneys. In *Southard*, the executor of the estate retained a law firm to pursue a wrongful death and survival action. The executor agreed to pay forty percent of any award to the firm and also consented to the firm sharing one-third of the fees with an attorney, William Morse, who assumed joint responsibility for the case. After the case was settled for $6.5 million, the executor filed an application with the probate court to approve and distribute the settlement proceeds. The application to approve the settlement, however, showed that Morse was going to get much less than one-third of the fee. Morse filed an objection asserting his claim to one-third of the legal fee. The probate court approved the total owed for attorney fees but referred the remaining dispute between the firm and Morse to the Ohio State Bar Association ("OSBA") pursuant to Prof.Cond.R. 1.5(f). The probate court held that the dispute must be resolved through the OSBA because it was a fee-sharing dispute. *Id.* at ¶ 6.

{¶ 27} On appeal, the firm argued that because the wrongful death statute and the Rules of Superintendence vest the probate court with jurisdiction to approve settlement offers and determine the reasonableness of attorney fees in wrongful

death actions, the probate court is the proper forum to hear the fee-sharing dispute between the law firm and Morse. The *Southard* Court disagreed, finding that the probate court properly concluded that it lacked jurisdiction over the fee dispute. *Id*. at ¶ 32. The court concluded that because the law firm and Morse disputed the allocation of their fees pursuant to a fee-sharing agreement, and the fee-sharing agreement met the requirements of DR 2-107 [the precursor to Prof.Cond.R. 1.5], the parties were required to submit their dispute to binding arbitration or mediation before the OSBA. *Id.*

{¶ 28} Likewise, in this case the dispute is between the two law firms regarding the division of shared legal fees. One of the claims Weinberg made is a concealment claim related to case expenses purportedly advanced by LLF and alleges that Merriman Legal was concealing server data consisting of "LLF case information and itemized expenses and attorney fees and other important information used to support attorney fees applications and requests for reimbursement of case expenses." This claim also arises from the dispute regarding shared legal fees and cannot be resolved independently from the fee dispute. Distilled, the fee dispute between the two law firms raises contractual issues with respect to shared fees, case expenses, and server data, which must be resolved before a determination can be made as to whether the estate is owed any money.

{¶ 29} While a probate court may have jurisdiction over concealment actions brought pursuant to R.C. 2109.50, the claims herein arise from a dispute between Merriman Legal and LLF regarding shared legal fees. Accordingly, we find that the

probate court correctly determined that it did not have subject-matter jurisdiction over Weinberg's claims.

{¶ 30} The first assignment of error is overruled.

**Failure to State a Claim — Civ.R. 12(B)(6)**

{¶ 31} In the second assignment of error, Weinberg argues that the trial court erred in granting the motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state claims for concealment. "Once a trial court finds no subject matter jurisdiction, it specifically divests itself from the right to rule further." *Phillips*, 5th Dist. Richland No. 12CA119, 2013-Ohio-3025, at ¶ 8, citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 701 N.E.2d 1002 (1998).

{¶ 32} Because the trial court did not have jurisdiction over the case, it would be premature for this court to determine whether the estate's complaint set forth a cognizable claim under R.C. 2109.50. Therefore, we do not further consider this assigned error.

{¶ 33} The second assignment of error is overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EMANUELLA D. GROVES, J., CONCUR